UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ANTONIO AMERSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:06CV67 HEA |
| BOB SIMMONS, | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment, [Doc. No. 16]. Plaintiff has failed to respond to the Motion. For the reasons set forth below, the Motion is granted.

### **Introduction**

Plaintiff is incarcerated at the Pemiscot Count Justice Center. He brings this action alleging that on April 10, 2006, his Eighth and Fourteenth Amendment rights were violated at the Pemiscot County Jail. This action is brought under the provisions of 42 U.S.C. § 1983. Defendant is the jail administrator of the Pemiscot County Justice Center. Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### **Facts and Background**

Plaintiff's Complaint alleges that on April 10, 2006, he was scheduled for a court appearance. En route to the Courthouse, a conversation was exchanged between Plaintiff and Defendant. Upon return from Court, Plaintiff was advised that he was being reassigned to lockdown. Plaintiff alleges that he requested his personal belongings, personal hygiene products, and bedding. Plaintiff alleges he was denied all of the requested items. Plaintiff alleges that he was required to sleep on "naked" steel and forced to live without any personal hygiene products from April 10, 2006 until April 11, 2006 at around 8:30 a.m. Plaintiff claims that because of a gunshot would to his back, it was painful to lie on a steel bunk without his mattress. Plaintiff claims Defendant was deliberately indifferent to his needs and that the denial of his personal bedding and hygiene items constitutes cruel and unusual punishment in violation of his Constitutional rights.

Defendant's uncontested statement of facts establish the following: Plaintiff was placed on lockdown on April 10, 2006 because he was disrespectful and was not behaving properly in court. Pursuant to the jail rules and regulations, inmates disrespect, disruption of court proceedings and failure to follow orders of staff are jail policy violations which are subject to punishment, including lock down. These rules and regulations of the jail are explained to every inmate when they come into the Pemiscot County Justice Center.

Before Plaintiff was locked down, he informed Defendant and Corrections Officers Dale and Hall that "well you better get some back up because you are going to have to beat my mother f****** ass before I lock down." Once he was locked down, Defendant advised Dale and Hall to take Plaintiff's property out of his old cell and give it to him in his new cell. Dale and Hall went to Plaintiff's old cell, gathered his mattress, blankets, sheets, commissary and cup and delivered these items to the new cell. Plaintiff became belligerent stating, "I don't want this s***, f*** that s***, I don't want that f****** s***." Hall advised Defendant and Dale that Plaintiff had refused his property. Dale advised Hall to back out of the cell and check with Plaintiff later.

Defendant advised Hall and Dale to let Plaintiff cool off a bit and then try to give him his property later. Several times during the day of April 10, 2006, Dale and Hall attempted to deliver Plaintiff's property, but he refused to answer either Dale or Hall. When Dale and Hall went off duty in the afternoon of April 10, 2006, they advised the oncoming shift commander, Shane Wiseman, that Plaintiff was locked down and that he was refusing his property.

During the morning of April 11, 2006, Plaintiff accepted his property, including his mattress, blanket, sheets, commissary and cup without further incident. Plaintiff spent nine days in this lockdown condition, during which he continued to

have his personal bedding and hygiene items from April 11, 2006 on.

Plaintiff claims that he had stiffness to his lower back as a result of sleeping on the steel bunk on April 10, 2006 without a mattress, blanket or sheets. However, he did not seek medical attention for any claims relating to his back as a result of sleeping without his mattress.

## **Discussion**

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e);

*Anderson* 477 U.S. at 256; *Littrell* , 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be

evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005).

To establish that the Plaintiff's conditions of confinement violated the Eighth Amendment's prohibition against cruel and unusual punishment, he must show that (1) the alleged deprivation was sufficiently serious and resulted in a denial of the "minimal civilized measure of life's necessities," and (2) Defendants were deliberately indifferent to an excessive risk to his health or safety, meaning that they actually knew of, but disregarded, the risk. *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir.1995). Discomfort does not amount to cruel and unusual punishment; conduct must be so inhumane, base, or barbaric as to shock the sensibilities. *Buckley v. Barrow*, 997 F.2d 494 (8th Cir.1993) (citing *Porth v. Farrier,* 934 F.2d 154, 157 (8th Cir.1991)).

Conditions are not cruel and unusual merely because they are harsh or uncomfortable. To be cruel and unusual, the plaintiff must be deprived of one or more of the basic necessities of life. Plaintiff clearly was not denied the minimal civilized measure of life's necessities, and was not exposed to a substantial risk of serious harm. Initially, the record is clear that he himself refused the items which he now claims were denied to him. Notwithstanding this refusal, even if Plaintiff could establish that he was denied the items, (for less than twenty-four hours), such

conditions simply do not amount to a constitutional violation. *See Smith v. Copeland,* 87 F.3d 265, 268-69 (8th Cir. 1996)(finding no violation where pretrial detainee was subjected to overflowed toilet in his cell for 4 days; analysis of confinement conditions must be based on totality of circumstances and, to prevail, inmate must show officers were deliberately indifferent to risk of harm posed by conditions); *Williams,* 49 F.3d 444-46 (placement of inmate in strip cell without his clothes, water, or mattress for four days did not violate Eighth Amendment; prison officials must know of and disregard excessive risk to inmate's health or safety).

## **Conclusion**

Plaintiff has failed to establish that any genuine issues as to any material facts exist regarding his claim of deliberate indifference to his needs. The record is clear that Defendant took no action in violation of Plaintiff's Constitutional rights. Defendant is therefore entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 16], is granted.

A separate judgment in accordance with this Opinion, Memorandum and

Order is entered this same date.

Dated this 26th day of April, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE